CITIZENS BANK OF COLFAX, IOWA, Appellant, v. R. N. STEWART, FRANCES CARNS; H. B. ALLFREE AND GEORGE D. WOOD.

Mortgage Foreclosure: HELD NOT TO BE A REDEMPTION IN THE INTER-EST OF A JUDGMENT DEBTOR. A mortgage which was senior to plaintiff's judgment lien was foreclosed, and the mortgagee took the certificate of purchase, which he subsequently assigned to C., who assigned it to defendant, who took a sheriff's deed. Plaintiff alleged that the mortgagee had agreed to hold the certificate of purchase for the debtor, and had assigned it to C. only by the debtor's consent, but there was no evidence that the debtor ever furnished any of the money for the extinguish-ment of the mortgage, or that defendant held the property in trust for the debtor, though there was some evidence that the debtor wished the sheriff's deed to issue to defendant under some prospective arrangement for a further loan. *Held*, that plaintiff was not entitled to have the foreclosure declared to. be a redemption in the debtor's interest so as to leave the prop-erty still subject to plaintiff's judgment.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, DECEMBER 21, 1901.

PLAINTIFF, a co-partnership, claiming to be a judgment creditor of defendant Stewart, seeks in this action to have a sheriff's deed of real property which belonged to Stewart, made under foreclosure of a mortgage given to one Clements, and executed to defendant Wood as assignee of the certifi-cate of purchase, declared to be a redemption in the inter-est of Stewart, so as to leave the property still subject to

plaintiff's judgment lien.    Decree for defendants.    Plaintiff appeals.—*Affirmed.*

*Cragan Bros., F. H. Clements* and *Harrah & Myers* for appellant.

*W. O. McElroy* for appellees Carns, Allfree, and Wood.

McCLAIN, J.—The mortgage to Clements, under which the foreclosure was had, was junior to another mortgage on the same land but senior to plaintiff's judgment lien. In the foreclosure of this mortgage plaintiff was made a party defendant, but did not attempt to make statutory redemption. On the last day for making redemption by defendant or his assignees, the certificate of purchase at the foreclosure sale, which had up to that time been held by Clements, was assigned to defendants Carns and Allfree, and by them assigned to defendant Wood, who had already become the owner of the land under sheriff's sales and deeds made in consequence of judgments still junior to plaintiff's judgment, and Wood took the sheriff's deed under the Clements foreclosure. The theory of plaintiff seems to be that the transactions relating to Clements' certificate of purchase were fraudulent and collusive for the purpose of preventing plaintiff from enforcing its judgment, and to support this contention it relies on evidence of some written agreement between Clements and Stewart (at first oral, but subsequently embodied in a writing, which was lost, and its contents proven only by parol), by which it is claimed Clements agreed to hold the certificate for Stewart, and upon the conduct of Clements in refusing to assign the certificate to Carns and Allfree until Stewart gave his consent thereto. We do not find it necessary to discuss the legal propositions urged by plaintiff. It may be conceded that, if the transactions among the parties involved the payment by Stewart to Clements of the amount of his claim under the mortgage foreclosure within the statutory period for redemption

therefrom, or, for that matter, within the subsequent period during which Clements agreed not to take the sheriff's deed in order that Stewart might have the opportunity to make redemption, then the act of Stewart, in directly or indirectly satisfying with his own means the claim of Clements under the foreclosure might amount to a redemption, extinguishing the Clements mortgage, which was senior to plaintiff's judgment, and thereby putting plaintiff's judgment up one notch in the list of liens on the property. If, on the other hand, Stewart did not furnish the money by which the claim of Clements was extinguished, but such money was furnished by Wood, who already held deeds to the property under other sheriff's sales, and who took this sheriff's deed as assignee of Clements' certificate, then plaintiff's lien on the property is gone, or, at any rate, is wholly inferior and subordinate to Wood's rights under the Clements certificate and the sheriff's deed issued in pursuance thereof. Now, there is not the slightest evidence that Stewart ever furnished any money towards the extinguishment of the lien of Clements. It may be true that Clements was anxious to assist Stewart in saving the property, if possible, and there is some evidence to indicate that Stewart desired the sheriff's deed to issue to Wood under some prospective arrangement by which he might hope to obtain a further loan; but it does not appear that any such loan was obtained. or that Wood holds the property in any way in trust for Stewart. Under these circumstances it is impossible to see how any relief can be furnished to plaintiff as against the sale and deed which were made in pursuance of the Clements foreclosure.—AFFIRMED.